IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARSONS TRANSPORTATION GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-79C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained paragraph 7 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in the first and second sentences of paragraph 8 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8. Admits the allegations contained in the third sentence of paragraph 8 to the extent supported by the letter contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the indemnity cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. The allegations contained in the first sentence of paragraph 11 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegation contained in the first sentence of paragraph 11 that "DCP . . . did retain comprehensive general liability insurance" for lack of knowledge or information sufficient to form a belief as to its truth. The allegations contained in the second sentence of paragraph 11 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 11 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 11.

12. Admits the allegations contained in paragraph 12 to the extent supported by the agreement cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 12.

13. The allegations contained in paragraph 13 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

14. The allegations contained in paragraph 14 constitute plaintiff's characterization of its case, to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied.

15. Denies the allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Denies the allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Denies the allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Denies the allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Denies the allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Denies the allegations contained in the first sentence of paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the second sentence of paragraph 24 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 24.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies the allegations contained in paragraph 27 for lack of knowledge or information sufficient to form a belief as to their truth.

28. Denies the allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. The allegations contained in paragraph 29 constitute plaintiff's characterization of its case, to which no answer is

required; to the extent they may be deemed allegations of fact, they are denied.

30. Admits.

31. Admits.

32. Admits the allegations contained in the first sentence of paragraph 32 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 32. Denies the allegations contained in the second sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth. Denies the allegations contained in the third sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to their truth.

33. The allegations contained in the first sentence of paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 33 to the extent supported by the memorandum cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 33. The allegations contained in the fourth sentence of paragraph 33, including its subparts a and b, constitute conclusions of law and plaintiff's characterization

of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. The allegations contained in paragraph 34 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits the allegations contained in the first clause of the first sentence of paragraph 35 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first clause of the first sentence of paragraph 35. Denies the allegations contained in the second clause of the first sentence of paragraph 35 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second sentence of paragraph 35 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

36. Admits the allegations contained in paragraph 36 to the extent supported by the Statement of Claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits.

38. Admits.

39. Admits the allegations contained in paragraph 39 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in the first sentence of paragraph 40 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 40. Admits the allegations contained in the second sentence of paragraph 40 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in the first clause of paragraph 42 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second clause of paragraph 42 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second clause of paragraph 42.

43. Admits the allegations contained in paragraph 43 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 43.

44. Admits the allegations contained in paragraph 44 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 44.

45. Admits the allegations contained in paragraph 44 to the extent supported by the claim cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 45.

46. Admits the allegations contained in paragraph 46 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 46.

47. The allegations contained in paragraph 47 constitute plaintiff’s characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. Defendant incorporates by reference its responses to paragraphs 1 through 47 of the complaint.

49. The allegations contained in paragraph 49 constitute conclusions of law and plaintiff’s characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

53. Admits that DCP has made claims for payments that FRA has denied. The remaining allegations contained in paragraph 53 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

55. Defendant incorporates by reference its responses to paragraphs 1 through 54 of the complaint.

56. The allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

58. The allegations contained in paragraph 58 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

59. The allegations contained in paragraph 59 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

60. Admits that DCP has made claims for payments that FRA has denied. The remaining allegations contained in paragraph 60 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

62. Defendant incorporates by reference its responses to paragraphs 1 through 61 of the complaint.

63. The allegations contained in paragraph 63 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

64. The allegations contained in paragraph 64 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

65. The allegations contained in paragraph 65 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

66. The allegations contained in paragraph 66 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

67. Admits that DCP has made claims for payments that FRA has denied. The remaining allegations contained in paragraph 67

constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

68. The allegations contained in paragraph 68 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

69. Defendant incorporates by reference its responses to paragraphs 1 through 68 of the complaint.

70. The allegations contained in paragraph 70 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

71. The allegations contained in paragraph 71 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

72. The allegations contained in paragraph 72 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

73. The allegations contained in paragraph 73 constitute conclusions of law and plaintiff's characterization of its case,

to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

74. Admits that DCP has made claims for payments that FRA has denied. The remaining allegations contained in paragraph 74 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

75. The allegations contained in paragraph 75 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

76. Defendant incorporates by reference its responses to paragraphs 1 through 75 of the complaint.

77. The allegations contained in paragraph 77 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

78. The allegations contained in paragraph 78 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

79. Denies that plaintiff is entitled to the relief set forth in the "WHEREFORE" paragraph immediately following paragraph 78, or to any relief whatsoever.

80. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

81. The claim set forth in Count I of plaintiff's complaint is barred by the doctrine of laches. Defendant may have already paid the claim set forth in Count I of the complaint, but plaintiff delayed in pursuing its claim, that delay was both unreasonable and inexcusable, and that delay has resulted in prejudice to defendant in that, in the normal course of business, defendant destroyed its contract records such that it may be impossible for defendant to prove that it has paid that claim.

82. The claims set forth in Counts I, III, IV, and V of plaintiff's complaint are barred for failure to provide the notice required by § 14.06 of the contract.

83. The claims set forth in Count III of plaintiff's complaint are barred by an April 1995 release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
GARETH W. ROSENAU
Senior Attorney
Federal Railroad Administration

April 18, 2008 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on April 18, 2008, a copy of the foregoing Defendant's Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail