IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARSONS TRANSPORTATION GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-79C |
| | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS COUNTS I, II, AND III FOR LACK OF SUBJECT MATTER JURISDICTION

INTRODUCTION

In this action, plaintiff, Parsons Transportation Group, Inc. ("Parsons"), seeks "damages, fees, and expenses" pursuant to an indemnification provision that its predecessor entered into with the Government. However, the Court does not possess jurisdiction to entertain at least three of Parsons's claims. Counts I, II, and III involve claims that accrued more than six years before Parsons commenced this action. (Count IV may also have accrued more than six years before Parsons commenced this action, but the Government intends to seek discovery designed to support that position.) Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss the claims set forth in Counts I, II, and III of the complaint for lack of subject matter jurisdiction.

QUESTION PRESENTED

Whether the Court should dismiss the claims set forth in Counts I, II, and III of the complaint for lack of subject matter jurisdiction where the "damages, fees, and expenses" alleged in those counts relate to a 1989 arbitration award, a 1989 settlement agreement, and 1995 settlement agreement, respectively.

STATEMENT OF THE CASE

This action is a request for indemnification relief pursuant to Public Law 85-804, 50 U.S.C. §§ 1431-1435. Parsons is the successor in interest to Deleuw, Cather Parsons ("DCP"). Complaint ("Compl.") ¶ 1.[1] On or about October 25, 1979, the Federal Railroad Administration ("FRA") awarded Contract Number DOT-FR-76048 to DCP to provide services as prime architect-engineer and program manager for the Northeast Corridor Improvement Project ("NECIP"), a program undertaken by FRA pursuant to title 7 of the Railroad Revitalization and Regulatory Reform Act of 1976. Id. ¶ 7. The NECIP was designed to make improvements to the rail facilities located on the Northeast Corridor served by the National Railroad Passenger Corporation ("Amtrak"). Id. ¶ 8.

---

[1] We assume the truth of the facts alleged in the complaint only for purposes of this motion. See Peterson v. United States, 68 Fed. Cl. 773, 775 (2005)

The contract provides:

> Pursuant to Public Law 85-804 (50 U.S.C. 1431-1435) and Executive Order 10789, as amended, and notwithstanding any other provision of this contract, but subject to the following sections of this Article XIV, the Government shall hold harmless and indemnify the A-E Contractor against:
>
> i. claims (including reasonable expenses of litigation or settlement) by third persons (including employees of the A-E Contractor) for death, personal injury, or loss of, damage to, or loss of use of property . . . .

Id. ¶ 12; Appendix To Complaint ("App.") 7.

In the mid-1980s, DCP provided, pursuant to the contract, architectural/engineering services in connection with the design and construction of the Stamford Transportation Center in Stamford, Connecticut ("Stamford Station"). Id. ¶ 22. Wilber Smith Associates ("WSA") provided engineering services to DCP for the Stamford Station. Id. In 1986, WSA submitted a claim to DCP in the amount of $1,210,845 for extra work on the structural elements of the Stamford Station resulting from the alleged design deficiencies. Id.

WSA submitted its claims to arbitration. Id. ¶ 24. In 1989, an arbitration panel, in proceedings to which DCP was a party, awarded WSA $377,636. Id.; App. 32.

In 1985, a vessel owned by the A&C Fuel Corporation ("A&C") collided with the Penn Mainline Bridge operated by Amtrak and designed by DCP in connection with the NECIP. Compl. ¶ 25. A&C

sued Amtrak to recover damages to its vessel suffered in the collision. Id. DCP was brought in the action as a fourth-party defendant. Id. ¶ 26. By the end of 1989, DCP had agreed to pay $20,833.33 to settle that claim. Id.; see App. 33-39.

Pursuant to the contract, DCP also performed architectural/engineering services in connection with the construction of renovations and improvements to the South Station and associated structures platforms, track and rail yards in Boston, Massachusetts ("the South Station Project") in coordination with the Massachusetts Bay Transportation Authority ("MBTA"). Id. ¶ 30. In 1988, the MBTA sued DCP seeking damages upon its own behalf and as a result of claims brought by JF White Construction Company, the project's general contractor, arising from an alleged delay to the South Station Project. Id. ¶ 31. In 1995, DCP entered into an agreement to settle the South Station claims for $425,000. Id. ¶ 32; App. 41, 43 ¶ 5, 52.

## ARGUMENT

### I. The Court Should Dismiss The Claims Set Forth In Counts I, II, And III Because Those Claims Accrued More Than Six Years Before Parsons Commenced this Action

The Court should dismiss the claims set forth in Counts I, II, and III because those claims accrued more than six years before Parsons commenced this action. Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years

after such claim first accrues. 28 U.S.C. § 2501. A claim accrues when all events necessary to fix the liability of the defendant have occurred. See Catawba Indian Tribe of South Carolina v. United States, 982 F.2d 1564, 1570 (Fed. Cir. 1993).

Generally, indemnity agreements fall broadly into two classes, those in which the contract is to indemnify against liability and those in which it is to indemnify against loss. 41 Am. Jur. 2d Indemnity § 23 (2005). Actions to enforce the terms of an indemnity agreement accrue at different times, depending upon whether the agreement covers loss or liability, and this is consistent with the basic principle of contract law that accrual is measured from the point in time when the plaintiff first could have successfully maintained an action. Id. Where the contract is one of indemnity against liability, an action may be brought as soon as the liability is incurred. 41 Am. Jur. 2d Indemnity § 25.

Where there is a promise to indemnify against liability, the obligation of the indemnitor to pay arises when the liability of the party seeking indemnity is established. Id. Liability indemnity agreements often hold the indemnitee "harmless" against "all claims" and "liabilities." Smith Int'l, Inc. v. Egle Group, LLC, 490 F.3d 380, 388 (5th Cir. 2007). While courts recognize a distinction between indemnity agreements that call for an indemnity against liability and those against loss, the

distinction is irrelevant when the amount of the liability is known. 41 Am. Jur. 2d Indemnity § 25. For example, indemnity claims accrue when the indemnitee's liability has been fixed by a judgment or settlement. See Pardee v. Consumer Portfolio Services, Inc., 344 F. Supp. 2d 823, 836 (D.R.I. 2004) (applying Rhode Island law).

Because the 1989 arbitration award and the 1989 and 1995 settlement agreements provide liability amounts (App. 32, 34, 43 ¶ 5), it is irrelevant whether the claims set forth in Counts I, II, and III are for indemnification against liability or loss. Nevertheless, Parsons's claims are for indemnification against liability to third parties; paragraph i of the contract provision set forth in ¶ 12 of the complaint, the paragraph upon which Parsons's claims rely, provides that "the Government shall hold harmless and indemnify the A-E Contractor against . . . claims by third persons." App. 7.

Because Parsons's claims in this action are for indemnification against liability, DCP's (and therefore Parsons's) claims for indemnification accrued when DCP first incurred the liability for which it seeks indemnification in this action.[2] DCP's liability for the damages, fees, and expenses set

[2] Contrary to Parsons's allegation (Compl. ¶ 4), this action is not governed by the Contract Disputes Act ("CDA"), 41 U.S.C. §§ 601-613. Despite Parsons's characterization of this as a breach of contract action for refusal to indemnify (Compl. ¶ 3),

forth in Count I accrued no later than the issuance of the $377,636 WSA arbitration award in 1989. Compl. ¶ 24; App. 26 ¶ 7. DCP's liability for the damages, fees, and expenses set forth in Count II accrued no later than DCP's 1989 agreement to pay $20,833.33 to settle the A&C claim. Compl. ¶ 26; App. 34. DCP's liability for the damages, fees, and expenses set forth in Count III accrued no later than 1995, when DCP entered into an agreement to pay $425,000 to settle the South Station claims. Id. ¶ 32; App. 43 ¶ 5.

Because the claims set forth in Counts I and II, accrued no later than 1989, and because the claims set forth in Count III accrued no later than 1995, those claims accrued more than six years before the 2008 commencement of this action. Consequently, the Court does not possess jurisdiction to entertain those claims, and should dismiss Counts I, II, and III for lack of subject matter jurisdiction.

---

this action is a request for indemnification pursuant to Public Law 85-804, 50 U.S.C. §§ 1431-1433, 1435. Requests for indemnification pursuant to Public Law 85-804 are not cognizable pursuant to the CDA. 48 C.F.R. § 33.205(a). Moreover, if a statute of limitations is triggered only when an indemnitor refuses payment, the indemnitee would be allowed to present his demand at any time after he becomes liable; effectively eliminating the statute of limitations and frustrating its purpose. See Brown v. American Family Ins. Group, 989 P.2d 196, 198 (Colo. App. 1999).

CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court dismiss the claims set forth in Counts I, II, and III of the complaint for lack of subject matter jurisdiction.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
GARETH W. ROSENAU
Senior Attorney
Federal Railroad Administration

August 1, 2008 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, a copy of the foregoing Defendant's Motion To Dismiss Counts I, II, And III For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail