IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PARSONS TRANSPORTATION GROUP, INC., Plaintiff,

v.

THE UNITED STATES, Defendant.

No. 08-79C
(Chief Judge Damich)

DEFENDANT'S MOTION FOR JUDGMENT
UPON THE PLEADINGS UPON COUNTS I AND III

In this action, plaintiff, Parsons Transportation Group, Inc. ("Parsons"), seeks "damages, fees, and expenses" pursuant to an indemnification provision that its predecessor entered into with the Government. However, that provision covers claims such as personal injury and injury to property; not the contract-type claims that Parsons sets forth in Counts I and III of its complaint. Pursuant to Rules 12(h)(2) and 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court enter judgment upon the pleadings in favor of the United States upon the claims set forth in Counts I and III of the complaint, for failure to state a claim upon which relief may be granted.

QUESTION PRESENTED

Whether the Court should enter judgment in favor of the United States upon the claims set forth in Counts I and III because the "damages, fees, and expenses" alleged in those counts resulted from work caused by "design defects" and "delay"; not

the type of injury to persons or property described in the indemnity provision that Parsons relies upon for recovery.

STATEMENT OF THE CASE

This action is a request for indemnification relief pursuant to Public Law 85-804, 50 U.S.C. §§ 1431-1435. Parsons is the successor in interest to Deleuw, Cather Parsons ("DCP"). Complaint ("Compl.") ¶ 1.[1] On or about October 25, 1979, the Federal Railroad Administration ("FRA") awarded Contract Number DOT-FR-76048 to DCP to provide services as prime architect-engineer and program manager for the Northeast Corridor Improvement Project ("NECIP"), a program undertaken by FRA pursuant to title 7 of the Railroad Revitalization and Regulatory Reform Act of 1976. Id. ¶ 7. The NECIP was designed to make improvements to the rail facilities located on the Northeast Corridor served by the National Railroad Passenger Corporation ("Amtrak"). Id. ¶ 8.

The contract provides:

> Pursuant to Public Law 85-804 (50 U.S.C. 1431-1435) and Executive Order 10789, as amended, and notwithstanding any other provision of this contract, but subject to the following sections of this Article XIV, the Government shall hold harmless and indemnify the A-E Contractor against:

---

[1] We assume the truth of the facts alleged in the complaint only for purposes of this motion. See Peterson v. United States, 68 Fed. Cl. 773, 775 (2005)

> i. claims (including reasonable expenses of litigation or settlement) by third persons (including employees of the A-E Contractor) for death, personal injury, or loss of, damage to, or loss of use of property . . . .

Id. ¶ 12; Appendix To Complaint ("App.") 7.

In the mid-1980s, DCP provided, pursuant to the contract, architectural/engineering services in connection with the design and construction of the Stamford Transportation Center in Stamford, Connecticut ("Stamford Station"). Id. ¶ 22. During construction of the Stamford Station, numerous design defects were discovered in connection with the work. Id. ¶ 23. Subsequently, Wilber Smith Associates ("WSA") provided engineering services to DCP for the Stamford Station. Id. In 1986, WSA submitted a claim to DCP in the amount of $1,210,845 for extra work on the structural elements of the Stamford Station resulting from the alleged design deficiencies. Id.

WSA submitted its claims to arbitration. Id. ¶ 24. An arbitration panel awarded WSA $377,636 plus interest and attorney fees. Id. DCP incurred attorney fees and expenses in connection with WSA's claim. Id. ¶ 29(c).

Pursuant to the contract, DCP also performed architectural/engineering services in connection with the construction of renovations and improvements to the South Station and associated structures platforms, track and rail yards in

Boston, Massachusetts ("the South Station Project") in coordination with the Massachusetts Bay Transportation Authority ("MBTA"). Id. ¶ 30. In 1988, the MBTA sued DCP seeking damages upon its own behalf and as a result of claims brought by JF White Construction Company, the project's general contractor, arising from an alleged delay to the South Station Project. Id. ¶ 31. In 1995, DCP paid $425,000 to settle the South Station claims. Id. ¶ 32. DCP also paid attorney fees associated with the South Station project. Id.

## ARGUMENT

### I. The Court Should Enter Judgment In Favor Of The United States Upon Counts I And III Because The "Damages, Fees, And Expenses" Alleged In Those Counts Resulted From Work Caused By "Design Defects" And A "Delay"; Not The Type Of Injury To Persons Or Property Described In The Indemnity Provision That Parsons Relies Upon For Recovery

The Court should enter judgment in favor of the United States upon the claims set forth in Counts I and III because the "damages, fees, and expenses" alleged in those counts resulted from work caused by "design defects" and a "delay"; not the type of injury to persons or property described in the indemnity provision that Parsons relies upon for recovery. When more than one claim for relief is presented in an action, the Court may direct the entry of a final judgment as to one or more but fewer than all of the claims upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. RCFC 54(b). A motion for judgment upon the

pleadings may be made after the pleadings are closed, but within such time as not to delay the trial. RCFC 12(c). A defense of failure to state a claim upon which relief may be granted may be made by motion for judgment on the pleadings. RCFC 12(h)(2).

The legal standard applied to evaluate a motion for judgment upon the pleadings is the same as that for a motion to dismiss. Peterson, 68 Fed. Cl. at 776. In considering a motion to dismiss, the Court must accept as true all of a plaintiff's well-pleaded facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor. Id. at 775 (citing Godwin v. United States, 338 F.3d 1374, 1377 (Fed. Cir. 2003)). In order to state a claim upon which relief may be granted, factual allegations in a complaint must be sufficient to raise a right to relief above the speculative level. See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

In Counts I and III, Parsons seeks indemnification for payments that its predecessor, DCP, owed to others in connection with claims brought against DCP related to its work pursuant to its contract with the Government. Compl. ¶¶ 22-24, 30-32, 49, 63. Parsons relies upon a provision of the contract that provides for indemnification against claims (including reasonable expenses of litigation or settlement) for death, personal injury, loss of property, damage to property, or loss of use of property.

Id. ¶ 12. However, neither Count I nor Count III involves any of those types of claims.

Both Counts I and III involve "contract-type" claims arising from work done on the NECIP project. Count I involves a claim for extra work performed by a subcontractor to DCP "on the structural elements of the Stamford Station resulting from . . . alleged design deficiencies." Id. ¶¶ 23, 49. Count III involves claims arising from "an alleged delay in the South Station Project." Id. ¶¶ 31, 63. Neither count even alleges that any of the parties that brought those claims alleged that those claims involved death, personal injury, loss of property, damage to property, or loss of use of property.

Because neither Count I nor Count III concerns a claim involving death, personal injury, loss of property, damage to property, or loss of use of property, the indemnification clause that Parsons relies upon for recovery is inapplicable to Counts I and III, and does not provide a basis for the relief that Parsons requests in those counts. Consequently, Counts I and III do not state claims upon which relief may be granted. Therefore, the Court should enter judgment in favor of the United States upon both counts.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter judgment upon the pleadings in

favor of the United States upon the claims set forth in Counts I and III of the complaint, for failure to state a claim upon which relief may be granted.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
GARETH W. ROSENAU
Senior Attorney
Federal Railroad Administration

August 1, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2008, a copy of the foregoing Defendant's Motion For Judgment Upon The Pleadings Upon Counts I And II was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail