IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PARSONS TRANSPORTATION GROUP, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 08-79C (Chief Judge Damich) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT UPON COUNT III

INTRODUCTION

In this action, plaintiff, Parsons Transportation Group, Inc. ("Parsons"), seeks "damages, fees, and expenses" pursuant to an indemnification provision that its predecessor entered into with the Government. Count III of the complaint seeks "damages, fees, and expenses" arising from litigation with the Massachusetts Bay Transportation Authority ("MBTA") concerning an alleged construction delay in "the South Station project."

However, in 1995, Parsons's predecessor released the United States from "damages and any and all claims" arising from the construction of renovations and improvements to the South Station project, including matters arising from litigation brought by the MBTA. Pursuant to Rule 56 of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court enter summary judgment in favor of the United States upon Count III.

## QUESTION PRESENTED

Whether the Court should enter judgment in favor of the United States upon Count III of the complaint, where Parsons released the United States from all claims arising from litigation with the MBTA concerning the South Station project.

## STATEMENT OF THE CASE

This action is a request for indemnification relief pursuant to Public Law 85-804, 50 U.S.C. §§ 1431-1435. Parsons is the successor in interest to Deleuw, Cather Parsons ("DCP"). Complaint ("Compl.") ¶ 1. On or about October 25, 1979, the Federal Railroad Administration ("FRA") awarded Contract Number DOT-FR-76048 to DCP to provide services as prime architect-engineer and program manager for the Northeast Corridor Improvement Project ("NECIP"), a program undertaken by FRA pursuant to title 7 of the Railroad Revitalization and Regulatory Reform Act of 1976. Id. ¶ 7. The NECIP was designed to make improvements to the rail facilities located on the Northeast Corridor served by the National Railroad Passenger Corporation ("Amtrak"). Id. ¶ 8.

Pursuant to the contract, DCP performed architectural engineering services in connection with the construction of renovations and improvements to the South Station and associated structures platforms, track and rail yards in Boston, Massachusetts ("the South Station Project") in coordination with

the MBTA. Id. ¶ 30. On April 25, 1988, the MBTA sued DCP seeking damages as a result of claims brought by another company, the project's general contractor, arising from an alleged delay to the South Station Project. Id. ¶ 31.

On March 6, 1995, DCP signed a release in connection with the MBTA litigation.[1] Appendix To Defendant's Motion For Summary Judgment Upon Count III ("App.") 1-4. The release provides:

> ("DCP") hereby releases and forever discharges the United States . . . of and from any and all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages and any and all claims, demands and liabilities whatsoever of every name and nature, both in law and in equity, whether currently known or unknown, which DCP has or may have that arise from or relate in any way to the design and construction, prior to the date of this Release, of renovations and improvements to the South Station and associated structures, platforms, track and rail yards in Boston, Massachusetts (the "South Station Project"), including, without limitation, matters that arise from or relate to claims or litigation brought against or involving the United States or any other parties in connection with the South Station Project, including, without limitation, claims or litigation brought by or involving the Massachusetts Bay Transportation Authority.

App. 3.

---

[1] In paragraph 83 of our answer to the complaint, we inadvertently referred to the release as an "April 1995" release. The parties' June 9, 2008 Joint Preliminary Status Report ("JPSR") includes a copy of the March 6, 1995 release at page six of the appendix to the JPSR.

## ARGUMENT

### I. The Court Should Enter Judgment In Favor Of The United States Upon Count III Of The Complaint Because DCP Released The United States From All Claims Arising From Litigation With The MBTA Concerning the South Station Project

The Court should enter judgment in favor of the United States upon Count III of the complaint because DCP released the United States from all claims arising from litigation with the MBTA concerning the South Station project. Judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. RCFC 56(c). Absent special vitiating circumstances, a general release bars claims based upon events occurring prior to the date of the release. Johnson, Drake & Piper, Inc. v. United States, 531 F.2d 1037, 1047 (Ct. Cl. 1976). As a general rule, the execution by a contractor of a release which is complete on its face reflects the contractor's unqualified acceptance and agreement with its terms and is binding on both parties. Axion Corp. v. United States, 68 Fed. Cl. 468, 475 (2005).

In Count III, Parsons seeks "damages, fees, and expenses" arising from litigation with the MBTA concerning an alleged construction delay in the South Station project. Compl. ¶¶ 30-

32, 63, 66. However, on March 6, 1995, DCP, Parsons's predecessor, signed a release. App. 1-4. The release provides:

> ("DCP") hereby releases and forever discharges the United States . . . of and from any and all . . . damages and any and all claims, demands and liabilities whatsoever of every name and nature . . . which DCP has or may have that arise from or relate in any way to the design and construction, prior to the date of this Release, of renovations and improvements to the South Station . . . including, without limitation, matters that arise from or relate to claims or litigation brought against or involving the United States or any other parties in connection with the South Station Project, including, without limitation, claims or litigation brought by or involving the Massachusetts Bay Transportation Authority.

App. 3.

Because the release releases the United States from "damages and any and all claims" arising from the construction of renovations and improvements to the South Station project prior to the release, including matters arising from litigation brought by the MBTA, the release releases the United States from Parsons's Count III claim for indemnification for "damages, fees, and expenses" arising from the MBTA's 1988 lawsuit against DCP concerning an alleged construction delay in the South Station project. Accordingly, the Court should enter judgment in favor of the United States upon Count III.

## CONCLUSION

For the foregoing reasons, the Government respectfully requests that the Court enter judgment in favor of the United States upon Count III.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Mark A. Melnick
MARK A. MELNICK
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 616-0342
Facsimile: (202) 514-7965

OF COUNSEL:
GARETH W. ROSENAU
Senior Attorney
Federal Railroad Administration

August 7, 2008 Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2008, a copy of the foregoing Defendant's Motion For Summary Judgment Upon Count III was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail