Smith assumed an obligation to FRA to use its best efforts in preparing design documents for the Project and if despite those best efforts the design documents contained errors or deficiencies, Wilbur Smith owed FRA a duty to correct or revise the design documents. FRA admits that Wilbur Smith fully met this responsbility.

When it contracted for the design of NECIP FRA made an express finding that the risks in such an undertaking were "unusually hazardous", (Ex. 2, Article XIV, Section 14.08) and expressly agreed to assume those risks represented by the costs now claimed in the complaint. (Ex. 2, Article III, Section 3.03) There is nothing in the subcontract that suggests that FRA attempted to shift those risks to Wilbur Smith. On the contrary the standard government clause defining the responsibility of an architect-engineer to the government was modified to make it clear that Wilbur Smith had no liability to FRA for the costs now claimed in counts one and two of the complaint.

IV

SECOND COUNT

In the second count of its complaint FRA alleges that it is an intended third-party beneficiary of the subcontract between DCP and Wilbur Smith and concludes that "therefore" FRA can sue Wilbur Smith "for all damages, direct and

consequential, resulting from WSA's breach of the contract." (Complaint ¶¶'s 29 and 30) In an earlier memorandum in this case FRA argued that this simply stated conclusion is particularly applicable to this case because the contract between FRA and DCP was a cost reimbursement contract and the subcontract between DCP and FRA was a fixed price contract. (Memorandum in Opposition to Motion to Dismiss, dated January 13, 1988) Given the huge volume of government contracts, if FRA's simple statement of the law was accurate, one would expect to find a substantial number of cases holding that because the government has no cause of action against a cost reimbursement prime contractor it does have a cause of action against the fixed price subcontractor. Nevertheless, FRA was able to point to only two cases to support its view of the law. United States v. Ogden Technology Laboratories, Inc., 406 F. Supp. 1090 (E.D. N.Y. 1973); United States v. Pall Corporation, 367 F. Supp. 976 (E.D. N.Y. 1973). Each of these cases was decided in 1973 and in the intervening 15 years neither case has been cited for the proposition asserted by FRA. The decision in each of those cases involved the denial of a motion to dismiss and in neither case was there any discussion or analysis of just what relief was available to the government. In Ogden the Court carefully pointed out:

> While we cannot be certain without further evidence, it appears from the

> complaint that there is a sufficient nexus between plaintiff and Ogden to justify a claim for relief . . .
>
> 406 F. Supp. at 1092
>
> (Emphasis added)

The issue in this case is not whether FRA has "a claim for relief" under the subcontract between DCP and Wilbur Smith, but whether it has a claim for <u>the</u> relief it seeks. Wilbur Smith does not dispute that if it refused to revise and correct the design documents when directed to do so by FRA and DCP, FRA would have a claim against Wilbur Smith under Clause 2(a) of the subcontract to recover the costs FRA incurred in having some other engineering firm revise and correct the design documents.[1]

FRA and Wilbur Smith are in agreement that the law applicable to FRA's contract claim is the law of the District of Columbia. The law of the District of Columbia is set forth in the case of <u>Western Union Telegraph Co. v. Massman Construction Company</u>, 402 A.2d 1275 (D.C. App.1979). In that case the Washington Metropolitan Area Transit Authority

---

[1]Indeed a belated recognition that this is the law may be the reason that FRA has moved to and been granted permission to amend its complaint by adding a third count in which it alleges that Wilbur Smith "intentionally, wantonly or maliciously violated" the rights of FRA. (Proposed Amended Complaint ¶¶ 39)

("WMATA") contracted with Massman to construct a subway system. The contract required Massman to maintain, protect and restore those utilities affected by the construction and to repair at its expense all damage to utilities caused by its work.

Massman struck and damaged underground equipment owned by Western Union and when Massman refused to pay for the cost of repair, Western Union brought suit against Massman as a third party beneficiary of the contract between Massman and WMATA. In holding that Western Union had a cause of action against Massman under the contract to recover the repair costs; the Appellate Court pointed out:

> . . . the contract <u>provides specifically</u> that [Massman] should maintain and support the underground equipment of the various utilities in addition to undertaking all repairs for any damage caused.
>
> 402 A.2d at 1277
>
> (Emphasis added)

There is nothing in the subcontract between DCP and Wilbur Smith that even suggests much less "provides specifically" that Wilbur Smith has an obligation to reimburse FRA for costs FRA incurred pursuant to the Supplemental Agreement. FRA does not have a cause of action against Wilbur Smith for the damages claimed in the second count of the Complaint.

V

FIRST COUNT

In the first count of the complaint, FRA alleges that Wilbur Smith negligently performed its duty to FRA to provide design documents that were free of design defects. The statute of limitations which is applicable to this claim appears in 28 U.S.C. §24.5(b) which provides as follows:

> Subject to the provision of section 2416 . . . ., every action for money damages brought by the United States or an office or agency thereof which is founded upon a tort shall be barred unless the complaint is filed within three years after the right of action first accrues.

The relevant portion of U.S.C. 28 §2416 provides:

> For the purpose of computing the limitation periods established in section 2415, there shall be excluded all periods during which:
>
> facts material to the right of action are not known and reasonably could not be known by an official of the United States charged with the responsibility to act in the circumstances.

It is probable that FRA's right of action first accrued on August 9, 1982, the date that Wilbur Smith tendered the final design documents (Ex. 4) because if the documents were replete with design defects, as FRA now alleges, those defects

reasonably should have been discovered during the review process developed for the purpose of guarding against errors or deficiencies in the design documents. Federal Reserve Bank of Richmond v. Wright, 392 F. Supp. 1126, 1131 (1975). However, we need not reach the question of when FRA should have known of errors or deficiencies in the design documents because the record is clear as to when FRA did know of errors or deficiencies in the design documents. On July 13, 1984, FRA admitted that it knew of 21 errors or deficiencies in the design documents. On that date Mr. Thompson of FRA wrote the City and stated as follows:

> . . . FRA can accept only 21 of the 63 items as design errors or deficiencies.

(Ex. 7)

If FRA has a common law tort action against Wilbur Smith based on errors or deficiencies in the design documents, FRA knew of that existence of the cause of action no later than July 13, 1984. The complaint in this action was not filed until September 28, 1987 which is more than three years after the right of action first accrued within the meaning of 45 U.S.C. §2415(b). For this reason, the first count of the complaint is time barred.

## CONCLUSION

For the foregoing reasons Wilbur Smith is entitled to summary judgment on the first and second counts of the complaint.

Dated at New Haven, Connecticut this 3rd day of October, 1988.

Respectfully submitted

Wilbur Smith & Associates, Inc.

By: [signature]

William J. Egan
Penny Q. Seaman
Carol A. Fantozzi
of Wiggin & Dana
195 Church Street
P.O.Box 1832
New Haven, CT 06508
(203) 789-1511
Its Attorneys

CERTIFICATION

This is to certify that on this 3rd day of October, 1988, a copy of the foregoing was mailed, postage prepaid, to Frank H. Santoro, Esq., Assistant United States Attorney, P.O. Box 1824 New Haven, CT 06508; and expressed mailed to J. Christopher Kohn, Esq. Robert M. Hollis, Esq. Torrence R. Thomas, Jr., Esq. Attorneys, Civil Division, Department of Justice, P.O. Box 875, Ben Franklin Station, Washington, DC 20044.

Carol C. Santoro

~~William J. Egan~~

Served 7/31/87

CIV 22A (Rev. 10/82)

FOURTH
~~THIRD~~ PARTY SUMMONS IN A CIVIL ACTION

| United States District Court | DISTRICT<br>SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| PLAINTIFF<br>A & C SHIP FUELING CORP. and EKLOF MARINE CORP. | DOCKET NO.<br>86 Civ. 8364 (WK) |
| V. DEFENDANT AND THIRD PARTY PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION<br>v.<br>WILLIAM F. HEGARTY, INC.<br>Third Party Defendant/ Fourth Party Plaintiff<br>v.<br>DE LEUW, CATHER/PARSONS and AMMANN & WHITNEY<br>Fourth Party Defendants | TO 4th PARTY DEFENDANT<br>DE LEUW, CATHER/PARSONS<br>363 Seventh Ave., New York, NY 10001<br>AMMANN & WHITNEY<br>~~2 World Trade Center~~, New York, NY 10048<br>96 Morton St |

YOU ARE HEREBY SUMMONED and required to serve upon

| PLAINTIFF'S ATTORNEY (NAME AND ADDRESS) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (NAME AND ADDRESS) |
|---|---|
| BECK HALBERG & WILLIAMSON<br>40 Exchange Place<br>New York, N.Y. 10005 | SIFF NEWMAN ROSEN & PARKER, P.C.<br>Attys. for Defendant/3rd pty. Plain.<br>233 Broadway, New York, NY 10279<br><br>JOHN P. D'AMBROSIO, P.C.<br>Atty. for 3rd pty. Def/4th pty. Plain.<br>570 Taxter Road, Elmsford, NY 10523 |

an answer to the 4th party complaint which is herewith served upon you within 20 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the 4th pty. complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h), *and* (2) the 4th party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c), in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the 4th party plaintiff.

| CLERK | DATE |
|---|---|
| [illegible] F. [illegible], CLERK | JUL 17 1987 |
| (BY) DEPUTY CLERK<br>[illegible] | |

NEC01394

DCP209

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x 86 Civ. 8364 (WK)

A & C SHIP FUELING CORP. and
EKLOF MARINE CORP.

Plaintiff

- against -

FOURTH PARTY COMPLAINT

NATIONAL RAILROAD PASSENGER
CORPORATION

Defendant/
Third Party Plaintiff

- against -

WILLIAM F. HEGARTY, INC.

Third Party Defendant/
Fourth Party Plaintiff

- against -

DE LEUW, CATHER/PARSONS and AMMANN &
WHITNEY

Fourth Party Defendants

---------------------------------------x

Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC., by its attorney, JOHN P. D'AMBROSIO, P.C., as and for its Fourth Party Complaint herein pursuant to Rule 14(a) and (c) of the Federal Rules of Civil Procedure alleges upon information and belief:

1. Plaintiffs, A & C SHIP FUELING CORP. and EKLOF MARINE CORP., have filed a Complaint against Defendant/Third Party Plaintiff, NATIONAL RAILROAD PASSENGER CORPORATION. A copy of the Complaint and Defendant's Answer are annexed hereto as Exhibits A & B.

2. Plaintiffs' Complaint constitutes an admiralty and maritime claim within the meaning of Rule 9(h) and 14(c) of the



NEC01395
DCP210

maritime jurisdiction of the United States and of this Court pursuant to 28 USC 1333.

3. Defendant/Third Party Plaintiff has filed a Third Party Complaint against the Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC. A copy of the Third Party Complaint and HEGARTY's Answer thereto are annexed as Exhibits C & D.

4. Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC., is a corporation organized and existing under and by

Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Court pursuant to 28 USC 1333.

3. Defendant/Third Party Plaintiff has filed a Third Party Complaint against the Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC. A copy of the Third Party Complaint and HEGARTY's Answer thereto are annexed as Exhibits C & D.

4. Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC., is a corporation organized and existing under and by virtue of the laws of New Jersey, with an office and place of business in East Hanover, New Jersey.

5. Fourth Party Defendant DE LEUW, CATHER/PARSONS is a corporation or other business entity with an office and place of business at 363 Seventh Avenue, New York, N.Y., and is organized and

[illegible] is a corporation or other business entity with an office and place of business at 2 World Trade Center, New York, N.Y., and is organized and existing under and by virtue of the laws of a State other than the State of New Jersey, and is doing business within the jurisdiction of this Court.

7. This Court also has jurisdiction over this action pursuant to 28 USC Section 1332(a)(1). The amount in controversy exceeds $10,000.00 exclusive of interest and costs.

8. As part of the construction project alleged in the Third Party Complaint, Fourth Party Defendants DE LEUW, CATHER/PARSONS and

AMMANN & WHITNEY, designed or oversaw the design of the steel installed by WILLIAM F. HEGARTY, INC.

9. Any damage or loss alleged to have been sustained by the Plaintiffs, which is not admitted, and by the Defendant/Third Party Plaintiff, which is not admitted, was caused by the sole fault, neglect, act or omission or breach of agreement of the Defendant/Third Party Plaintiff, NATIONAL RAILROAD PASSENGER CORPORATION and/or the Fourth Party Defendants DELEUW, CATHER/PARSONS and AMMANN & WHITNEY, their agents, servants and employees, and completely without any fault on the part of the Third Party Defendant/Fourth Party Plaintiff WILLIAM F. HEGARTY, INC.

10. In the event liability is imposed upon Third Party Defendant/Fourth Party Plaintiff WILLIAM F. HEGARTY, INC. by reason of any of the allegations of the Complaint or Third Party Complaint, WILLIAM F. HEGARTY, INC. should be indemnified in full by the Defendant/Third Party Plaintiff and the Fourth Party Defendants in the amount of any sum adjudged against the Third Party Defendant including attorney's fees and costs.

11. In the event liability is imposed upon WILLIAM F. HEGARTY, INC. by reason of any of the allegations of the Complaint or Third Party Complaint, the Plaintiffs and/or the Defendant/Third Party Plaintiff should recover directly from the Fourth Party Defendants DE LEUW, CATHER/PARSONS and AMMANN & WHITNEY pursuant to Rule 14(c) of the Federal Rules of Civil Procedure without any contribution from the Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC.

WHEREFORE, Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC., respectfully requests:

(1) Judgment dismissing the Third Party Complaint herein, together with the costs and disbursements of the actions;

(2) Alternatively, judgment against Fourth Party Defendants, DE LEUW, CATHER/PARSONS and AMMANN & WHITNEY, for all such sums, if any, which may be recovered by the Plaintiffs or the Defendant/Third Party Plaintiff from WILLIAM F. HEGARTY, INC. together with reasonable counsel fees, costs and disbursements incurred in this action; and

(3) Judgment for the Plaintiffs and/or Defendant/Third Party Plaintiff directly against Fourth Party Defendants DE LEUW, CATHER/PARSONS and AMMANN & WHITNEY pursuant to Rule 14(c) of the Federal Rules of Civil Procedure; and

(4) Regardless of the outcome of Plaintiffs' action or the outcome of Defendant/Third Party Plaintiff's third party action, indemnity for the reasonable attorney's fees, costs and disbursements of this action in favor of Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC., against Defendant/Third Party Plaintiff NATIONAL RAILROAD PASSENGER CORPORATION and Fourth Party Defendants DE LEUW, CATHER/PARSONS and AMMANN & WHITNEY; and

(5) That process of maritime attachment and garnishment issue in accordance with the Supplemental Rules for Certain Admiralty Claims of the Federal Rules of Civil Procedure for the U.S. District Courts, and that the goods, chattels, credits and effects of the Fourth Party Defendants within this District be seized, sold and placed into the registry of this Court, and that thereafter Third Party Defendant/Fourth Party Plaintiff, WILLIAM F. HEGARTY, INC. be granted judgment against the Fourth Party Defendants, and be allowed to satisfy its judgment out of these proceeds; and

(6) For such other and further relief as this Court may deem just, proper and equitable.

Dated: Elmsford, N.Y.
July 16, 1987

JOHN P. D'AMBROSIO, P.C.
570 Taxter Road
Elmsford, N.Y. 10523
914/592-3830
(file #H4737)

By: [signature]
JOHN P. D'AMBROSIO

To: DE LEUW, CATHER/PARSONS
363 Seventh Avenue
New York, N.Y. 10001

AMMANN & WHITNEY
2 World Trade Center
New York, N.Y. 10048

BECK HALBERG & WILLIAMSON
40 Exchange Place
New York, N.Y. 10005

SIFF NEWMAN ROSEN & PARKER, P.C.
233 Broadway
New York, N.Y. 10279

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x 86 Civ. 8364 (WK)

A & C SHIP FUELING CORP. and
EKLOF MARINE CORP.

Plaintiff

- against -

ANSWER TO THIRD PARTY COMPLAINT

NATIONAL RAILROAD PASSENGER
CORPORATION

Defendant and
Third Party Plaintiff

- against -

WILLIAM F. HEGARTY, INC.

Third Party Defendant

-----------------------------------------x

Third Party Defendant, WILLIAM F. HEGARTY, INC., ("HEGARTY") by its attorney, JOHN P. D'AMBROSIO, P.C.:

1. Admits the allegations of Paragragh #1 of the Third Party Complaint.

2. Admits the allegations of Paragraph #2 of the Third Party Complaint.

3. Admits the allegations of Paragraph #3 of the Third Party Complaint.

4. Admits that HEGARTY is a foreign corporation and, except as herein specifically admitted, denies each and every allegation contained in Paragraph #4 of the Third Party Complaint.

5. Admits that HEGARTY entered into a contract with Third Party Plaintiff and, except as herein specifically admitted, denies each and every allegation contained in Paragraph #5 of the Third Party Complaint.

6. Admits that HEGARTY installed a steel beam on the bridge and, except as herein specifically admitted, denies each and every allegation of Paragraph #6 of the Third Party Complaint.

7. Denies each and every allegation of Paragraph #7 of the Third Party Complaint.

8. Denies each and every allegation of Paragragh #8 of the Third Party Complaint.

9. Denies each and every allegation of Paragraph #9 of the Third Party Complaint.

10. Denies each and every allegation of Paragraph #10 of the Third Party Complaint.

11. Admits that the contract between Third Party Plaintiff and HEGARTY contained an indemnification provision and, except as herein specifically admitted, denies each and every allegation of Paragraph #11 of the Third Party Complaint.

12. Denies each and every allegation of Paragraph #12 of the Third Party Complaint.

13. Denies each and every allegation of Paragraph #13 of the Third Party Complaint.

<u>FIRST DEFENSE</u>

14. The Third Party Complaint fails to state a cause of action against the Third Party Defendant.

<u>SECOND DEFENSE</u>

15. If the Third Party Plaintiff suffers any loss or damage on account of Plaintiff's claim, Third Party Defendant HEGARTY is not liable or responsible therefor under and by virtue of the terms and conditions of the contract between HEGARTY and Third Party Plaintiff,

and this action should be dismissed against the Third Party Defendant HEGARTY.

THIRD DEFENSE

16. The contract between Third Party Plaintiff and HEGARTY was entered into in a State other than the State of New York, and the incident alleged in the Third Party Complaint occurred in a State other than the State of New York, and that by virtue thereof New York has no relevant connection with this suit, and the Third Party action should be dismissed on the basis of forum non conveniens or, alternatively, transferred to the appropriate court in New Jersey.

FOURTH DEFENSE

17. This Court lacks personal jurisdiction over the Third Party Defendant HEGARTY because service of process herein against HEGARTY is deficient, improper or insufficient.

FIFTH DEFENSE

18. The Third Party Plaintiff's maintenance of any claim alleged in the Third Party Complaint against HEGARTY is barred or prescribed by assumption of risk, estoppel, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

SIXTH DEFENSE

19. Third Party Defendant claims all rights and defenses available to it under the terms and conditions of any contract which

exists between it and the Third Party Plaintiff.

SEVENTH DEFENSE

20. Third Party Defendant is entitled to contribution from all tort feasors, joint, several or third party, who caused or contributed to Plaintiff's alleged damages.

EIGHTH DEFENSE

21. Third Party Defendant is entitled to common law and/or contractual indemnity from those parties wholly liable for Plaintiffs' alleged loss.

NINTH DEFENSE

22. Third Party Plaintiff was negligent and, therefore, its claim is barred or reduced by its comparative negligence and/or the sole or substantial contributory negligence of third parties or joint tort feasors.

TENTH DEFENSE

23. Plaintiffs have failed to mitigate their damages.

ELEVENTH DEFENSE

24. Plaintiffs were negligent and, therefore, their claims are barred or reduced by its comparative negligence and/or the sole or substantial contributory negligence of third parties or joint tort feasors.

WHEREFORE, Third Party Defendant, WILLIAM F. HEGARTY, INC., demands that the Third Party Complaint be dismissed as against it with

costs and attorney's fees, and that it have such other, further and different relief as this Court may deem just.

Dated: Elmsford, N.Y.
July 16, 1987

JOHN P. D'AMBROSIO, P.C.
570 Taxter Road
Elmsford, N.Y. 10523
914/592-3830
(file #H4737)

By ______________________
JOHN P. D'AMBROSIO

To: BECK HALBERG & WILLIAMSON
40 Exchange Place
New York, N.Y. 10005

SIFF NEWMAN ROSEN & PARKER, P.C.
233 Broadway
New York, N.Y. 10279

CIV 23A (Rev. 10/82)

# THIRD PARTY SUMMONS IN A CIVIL ACTION

| United States District Court | DISTRICT: SOUTHERN |
|---|---|
| PLAINTIFF: A&C Ship Fueling Corp., & Elkof Marine Corp., | DOCKET NO.: 86 Civ. 8364(WK) |
| V. DEFENDANT AND THIRD PARTY PLAINTIFF: National Railroad Passenger Corp. | THIRD PARTY DEFENDANT: William F. Hegarty, Inc. Williams Parkway East Hanover, N.J. 07936 |
| V. THIRD PARTY DEFENDANT: William F. Hegarty, Inc. | |

YOU ARE HEREBY SUMMONED and required to serve upon

| PLAINTIFF'S ATTORNEY (NAME AND ADDRESS) | DEFENDANT AND THIRD-PARTY PLAINTIFF'S ATTORNEY (NAME AND ADDRESS) |
|---|---|
| Beck, Halberg & Williamson<br>40 Exchange Place<br>Suite 1918<br>New York, N.Y. 10005 | Siff, Newman, Rosen & Parker, P.C.<br>233 Broadway<br>New York, N.Y. 10279 |

an answer to the third-party complaint which is herewith served upon you within days after the service of this summons upon you exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the third-party complaint. There is also served upon you herewith a copy of the complaint of the plaintiff. You have the option of answering or not answering the plaintiff's complaint, *unless* (1) this is a case within Rule 9(h), *and* (2) the third-party plaintiff is demanding judgment against *you* in favor of the original plaintiff under the circumstances described in Rule 14(c), in which situation you are required to make your defenses, if any, to the claim of plaintiff as well as to the claim of the third-party plaintiff.

| CLERK: RAYMOND F. BURGHARDT, CLERK | DATE: APR 1 ? 1987 |
|---|---|
| (BY) DEPUTY CLERK: DENNIS POMARICO | |

NEC01405

DCP220

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

A&C SHIP FUELING CORP. & EKLOF MARINE CORP.,

Plaintiffs,

- against -

NATIONAL RAILROAD PASSENGER CORP.,

Defendant/Third-Party Plaintiff,

- against -

WILLIAM F. HEGARTY, INC.,

Third-Party Defendants.

---------------------------------------x

THIRD PARTY COMPLAINT

Civ. No. 86-8364(WK)

Defendant/third-party plaintiff National Railroad Passenger Corporation, by its attorneys, Siff, Newman, Rosen & Parker, P.C., respectfully shows to this Court and alleges, upon information and belief:

AS AND FOR A FIRST CAUSE OF ACTION, DEFENDANT/THIRD-PARTY PLAINTIFF RESPECTFULLY ALLEGES:

1. Plaintiffs have filed against defendant/third-party plaintiff a complaint, a copy of which is annexed hereto as Exhibit "A". (Copies of all other prior pleadings are annexed hereto as Exhibit "B").

2. In said complaint, plaintifs bring an admiralty and maritime claim pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, in which they allege that the tanker M/V John J. Tabeling sustained extensive damage after it collided

with the defendant/third-party plaintiff's Portal bridge in Kearney, New Jersey on April 18, 1985.

3. Plaintiffs further allege that the collision and resulting damages were caused due to the negligence of defendant/third-party plaintiff in failing to properly maintain, operate, manage and control said bridge.

4. Third-party defendant William F. Hegarty Inc. ("Hegarty") is a foreign or domestic corporation doing and transacting business within the State of New York.

5. At or about the time of this occurrence, upon information and belief, third-party defendant Hegerty was working pursuant to contract with defendant/third-party plaintiff, wherein Hegarty was hired to perform certain electrical and construction work as part of a bridge improvement project commenced by defendant/third party plaintiff. (Copies of contract agreement, annexed hereto as Exhibit "C").

6. As part of the construction project, upon information and belief, third-party defendant Hegarty installed a steel beam on the bridge on or about the same day as the collision.

7. If plaintiffs' alleged damages were caused by the acts or omissions of any one other than plaintiffs, they were caused by the steel beam being improperly designed and/or installed by third-party defendant Hegarty which prohibited the bridge from fully opening.

8. If plaintiffs' alleged damages were caused by the acts or omissions of anyone other than plaintiffs, they were the result of the acts or omissions of the third-party defendant Hegarty or its agents, servants and employees.

9. If defendant/third-party plaintiff is found liable to plaintiff in this action, defendant/third-party plaintiff alleges that it is entitled to indemnification or contribution from third-party defendant Hegarty for the amount of such liability.

AS AND FOR A SECOND CAUSE
OF ACTION, DEFENDANT/THIRD-PARTY
PLAINTIFF RESPECTFULLY ALLEGES:

10. Defendant/third-party plaintiff repeats and realleges paragraphs "1" through "9" of this third-party complaint as if more fully set forth herein.

11. Pursuant to the aforesaid contract between defendant/third-party plaintiff and third-party defendant Hegarty, third-party defendant Hegarty is obligated to defend and indemnify defendant/third-party plaintiff in the action brought by plaintiffs.

12. Defendant/third-party plaintiff has tendered its defense to third-party defendant and the third-party defendant wrongfully has failed to assume the defendant/third-party plaintiff's defense.

13. As a result of the third-party defendant's failure to assume the defense of defendant/third-party plaintiff has incurred and will continue to incur attorney's

fees, costs and disbursements in this action for which third-party defendant is and will be liable.

WHEREFORE, defendant/third-party plaintiff demands judgment over and against third-party defendant for all sums that may be adjudged against it in favor of plaintiffs or in an amount equal to the excess over and above its equitable share of any such judgment, together with its attorney's fees, costs and disbursements in this action.

Dated: New York, New York
March 17, 1987

SIFF, NEWMAN, ROSEN & PARKER, P.C.

By: [signature]

Debra S. Reiser
Attorneys for Defendant/
Third-Party Plaintiff
233 Broadway
New York, New York 10279
(212) 349-3990

CIV 1 (Rev. 10/82) JUDGE KNAPP SUMMONS IN A CIVIL ACTION 86 CIV. 8364

| United States District Court | DISTRICT SOUTHERN DISTRICT OF NEW YORK |
|---|---|
| A & C SHIP FUELING CORP. and EKLOF MARINE CORP.<br>v.<br>NATIONAL RAILROAD PASSENGER CORPORATION | DOCKET NO.<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br>National Railroad Passenger Corporation<br>One Pennsylvania Plaza, New York, NY |

YOU ARE HEREBY SUMMONED and required to serve upon

PLAINTIFF'S ATTORNEY (NAME AND ADDRESS)

Herbert B. Halberg, Esq.
BECK, HALBERG & WILLIAMSON
40 Exchange Place - Suite 1918
New York, New York 10005

NOV [illegible] 1986
GENERAL CLAIMS OFFICE

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

| CLERK | DATE |
|---|---|
| RAYMOND F BURGHARDT, CLERK | Oct. 30, 1986 |
| (BY) DEPUTY CLERK<br>Diana Cianza | |

Diana Cianza

NEC01410
DCP225

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

A & C SHIP FUELING CORP. and EKLOF MARINE CORP., :

Plaintiffs, : **VERIFIED COMPLAINT**

- against - :

NATIONAL RAILROAD PASSENGER CORPORATION, :

Defendant. :

- - - - - - - - - - - - - - - - - x

Plaintiffs A & C Ship Fueling Corp. and Eklof Marine Corp., by their attorneys Beck, Halberg & Williamson, for their Complaint against defendant National Railroad Passenger Corporation allege upon information and belief as follows:

FIRST: This is a case within the admiralty and maritime jurisdiction of this Court as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

SECOND: At all dates and times hereinafter mentioned plaintiff A&C Ship Fueling Corp. (hereinafter "A&C") was a New

York corporation having an office and place of business at 1571 Richmond Terrace, Staten Island, New York, and was and still is the owner of the tanker M/V JOHN J. TABELING.

THIRD: At all dates and times hereinafter mentioned plaintiff Eklof Marine Corp. (hereinafter "EKLOF") was a New York corporation having an office and place of business at 1571 Richmond Terrace, Staten Island, New York, and was and still is the operator of the tanker M/V JOHN J. TABELING.

FOURTH: At all dates and times hereinafter mentioned defendant National Railroad Passenger Corporation (hereinafter "AMTRAK") was a corporation duly organized and existing by virtue of the laws of the United States of America pursuant to 45 U.S.C. §541 et seq., having an office and place of business at One Pennsylvania Plaza, New York, New York.

FIFTH: Upon information and belief, at all dates and times hereinafter mentioned defendant Amtrak owned a railroad swing bridge over the Hackensack River in Kerney, New Jersey, known as the Portal Bridge or the Penn Main Line Bridge.

SIXTH: Upon information and belief, at all dates and times hereinafter mentioned defendant Amtrak operated, managed and/or controlled the aforesaid railroad bridge known as the Portal Bridge or the Penn Main Line Bridge.

AS AND FOR A FIRST CAUSE OF ACTION ON
BEHALF OF PLAINTIFF A & C FUELING CORP.

SEVENTH: On or about April 18, 1985, while proceeding south in the Hackensack River the tanker M/V JOHN J. TABELING came into collision with the Penn Main Line Bridge, which collision resulted in severe and extensive damage to the M/V JOHN J. TABELING.

EIGHTH: The collision and damages resulting therefrom were not caused or contributed to by any fault, negligence or want of care on the part of the plaintiffs, their agents, employees or servants, or those charged with the operation of the M/V JOHN J. TABELING, nor by any unseaworthiness on the part of the vessel, but rather were caused wholly and solely by and due to the recklessness, fault, negligence and want of care of the defendant, its agents, servants and employees, in failing to properly maintain, operate, manage and control the Penn Main Line Bridge.

NINTH: By reason of the foregoing, plaintiff A&C has sustained damages including the cost of repairs to the M/V JOHN J. TABELING, and other necessary expenses amounting in all to the sum of approximately $103,500.00, no part of which has been paid by the defendant.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF EKLOF MARINE CORP.

TENTH: Plaintiff Eklof repeats, reiterates and realleges Paragraphs "FIRST" through "EIGHTH" with the same force and effect as if fully set forth herein at length.

ELEVENTH: As a result of the collision and damages sustained to the M/V JOHN J. TABELING, repairs were necessarily required to be effected to the M/V JOHN J. TABELING which required that the vessel be withdrawn from service.

TWELFTH: The M/V JOHN J. TABELING was withdrawn from service to effect the aforesaid repairs from August 1, 1985 to September 15, 1985.

THIRTEENTH: By reason of the foregoing, plaintiff Eklof has sustained damages in the amount of $57,500. resulting from the loss of use of the M/V JOHN J. TABELING during the period required to effect the aforesaid repairs, no part of which has been paid by the defendant.

WHEREFORE, plaintiffs pray:

1. That judgment be entered in favor of plaintiff A & C Ship Fueling Corp. and against defendant National Railroad Passenger Corporation on the first cause of action in the amount

of $103,500.00 together with interest and the costs and disbursements of this action;

2. That judgment be entered in favor of plaintiff Eklof Marine Corp. and against defendant National Railroad Passenger Corporation on the second cause of action in the amount of $57,500. together with interest and the costs and disbursements of this action; and

3. That the Court grant such other and further relief as it may deem just and proper.

Dated: New York, New York
October 30, 1986

Yours, etc.,

BECK, HALBERG & WILLIAMSON
Attorneys for Plaintiffs

By ______________________
Herbert B. Halberg

A Member of the Firm
Office and P.O. Address:
40 Exchange Place - 1918
New York, New York 10005
Telephone: 212/344-7320

**PLEADINGS**
**UNITED STATES OF AMERICA**
**VS.**
**WILBUR SMITH & ASSOCIATES, INC.**

**VOLUME I**

| | | |
|---|---|---|
| 1. | Service of Process | 09/28/87 |
| 2. | Appearance: Kenneth Rosenthal | 10/19/87 |
| 3. | Appearance: William J. Egan | 10/19/87 |
| 4. | Defendant's Motion for More Definite Statement | 10/19/87 |
| 5. | Defendant's Motion to Strike | 10/19/87 |
| 6. | Order on Motion to Strike - DENIED | 12/04/87 |
| 7. | Notice of Service of Plaintiff's First Request for Production of Documents and Interrogatories Re: Privileged Documents | 11/17/87 |
| 8. | Order on Motion for More Definite Statement - DENIED | 12/04/87 |
| 9. | Defendant's Motion for Extension of Time to Serve an Answer or Other Responsive Pleading | 12/18/87 |
| 10. | Defendant's Motion for Extension of Time to Serve Answers and Objections to Request for Production of Documents and Interrogatories Re: Privileged Documents | 12/18/87 |
| 11. | Appearance: Carol A. Fantozzi | 12/18/87 |
| 12. | Response of WSA to Plaintiff's First Request For Production of Documents | 12/28/87 |
| 13. | Defendant's Motion to Dismiss | 12/28/87 |
| 14. | Ruling on Motion to Dismiss | 01/22/88 |
| 15. | Plaintiff Notice of Service and Second Set of Interrogatories Directed to Defendant | 01/22/88 |
| 16. | Notice of Service of Plaintiff and First Request for Admissions Directed to Defendant | 01/22/88 |
| 17. | Appearance: Penny Q. Seaman | 01/28/88 |
| 18. | Memorandum of Plaintiff in Opposition to Defendant's Motion to Dismiss | 01/13/88 |

| | | |
|---|---|---|
| 19. | Appearance: Penny Q. Seaman | 01/28/88 |
| 20. | WSA Answer | 01/31/88 |
| 21. | Errata Sheet to Memorandum of USA in Opposition to Defendant's Motion to Dismiss | 01/26/88 |
| 22. | Motion of USA to Compel Discovery, and for An Award of Attorney's Fees and Costs | 02/05/88 |
| 23. | WSA's Motion for an Extension of Time | 02/19/88 |
| 24. | WSA's First Set of Interrogatories and Request for Production and Notice of Service | 02/19/88 |
| 25. | WSA's Response to Plaintiff's Second Set of Interrogatories and Notice of Service | 02/19/88 |
| 26. | WSA's Motion for Permission to Serve Interrogatories in Excess of Thirty (Granted on Consent 3/2/88) | 02/19/88 |
| 27. | WSA's Second Set of Interrogatories and Request for Production and Notice of Service | 02/19/88 |
| 28. | WSA's Responses to Plaintiff's First Request for Admissions | 02/19/88 |
| 29. | Court Notice Granting WSA's Motion for Extension of Time | 02/22/88 |
| 30. | Motion of USA to Withdraw, Without Prejudice, Motion to Compel Discovery and For An Award of Attorney's Fees and Costs | 03/10/88 |

G:\DATA\USER\CAD\WP\PLD0002_.CAD

Pleadings File 3320Q

UNITED STATES OF AMERICA
V
WILBUR SMITH & ASSOCIATES

VOLUME II

| | | |
|---|---|---|
| 29. | Stipulated Motion For Extension Of Time To Complete Discovery | 03/11/88 |
| 30. | ORDER On USA Motion To Compel | 03/14/88 |
| 31. | Notice Of Deposition-Custodian Of Records DeLeuw, Cather/Parsons (4/13/88) | 03/15/88 |
| 32. | Notice Of Deposition-Custodian Of Records DeLeuw, Cather/Parsons | 03/16/88 |
| 33. | Amended Notice Of Deposition (4/13/88) Custodian Of Records, Deleuw, Cather/Parsons | 03/17/88 |
| 34. | Motion of the USA For A Protective Order DENIED 4/15/88. | 03/17/88 |
| 35. | USA Responses to WSA First Set of Interrog. and Request For Production & Notice Of Service | 03/21/88 |
| 36. | USA Responses To WSA Second Set Of Interrog. & Request For Production & Notice of Service | 03//21/88 |
| 37 | Notice Of Deposition - Robert Hubbard (5/10/88) | 03/25/88 |
| 38 | Notice Of Deposition Of Allen Jones (5/3/88) Renotice (5/5/88) see #68 | 03/25/88 |
| 39 | Notice Of Deposition Of James Lewis (5/5/88) | 03/25/88 |
| 40 | Notice Of Edward Whitlock (5/12/88) | 03/25/88 |
| 41 | Notice Of Deposition Of H.S. Lin (5/17/88) | 03/25/88 |
| 42. | Notice Of Service Of USA's Third Set Of Interrogs. Directed to WSA | 03/25/88 |
| 43. | Plaintiff USA's Third Set Of Interrogatories Directed To WSA | 03/25/88 |

| | | |
|---|---|---|
| 44. | Plaintiff's Motion For Permission To Serve Interrogs. In Excess Of Thirty GRANTED 4/1/88 | 03/28/88 |
| 45. | Motion Of USA For A Pre-trial Conference DENIED 4/8/88 | 04/05/88 |
| 46. | Opposition To USA's Motion For A Protective Order | 04/08/88 |
| 47. | Notice Of Service Of USA's Supplemental Responses To WSA's First And Second Set Of Interrogatories | 04/08/88 |
| 48. | USA's Supplemental Responses To WSA's First Set Of Interrogatories | 04/08/88 |
| 49. | Entry Of Appearance Of Larry Steffes | 04/08/88 |
| 50. | Opposition To USA's Motion For A Protective Order | 04/11/88 |
| 51. | Reply Of USA To Defendant's Opposition To Motion For A Protective Order. | 04/11/88 |
| 52. | Plaintiff's Motion To Shorten Time DENIED | 04/12/88 |
| 53. | Motion Of The USA To Compel Discovery And For Attorneys Costs And Fees | 04/12/88 |
| 54. | Memorandum In Support Of Motion Of The USA To Compel Discovery And For An Award Of Attorney's Fees And Costs | 04/12/88 |
| 55. | Defendant's Opposition To Plaintiff's Motion To Shorten Time | 04/14/88 |
| 56. | Amended Notice Of Deposition (James Lewis) | 04/18/88 |
| 57. | Amended Notice And Subpoena Of Deposition (Robert Hubbard - 5/11/88) | 04/18/88 |
| 58. | Notice And Subpoena Of Deposition (Glen Bell 6/21/88) | 04/18/88 |
| 59. | Notice Of Deposition (DC/P re FRA 5/19/88) | 04/18/88 |
| 60. | Notice Of Deposition (V.L. Rathburn 6/7/88) | 04/18/88 |

| | | |
|---|---|---|
| 61. | Notice Of Deposition (R. Curtin 6/8/88) | 04/18/88 |
| 62. | Notice Of Deposition (A. Mongini 5/18/88) | 04/18/88 |
| 63. | Notice Of Deposition (Lou Thompson 5/17/88) | 04/18/88 |
| 64. | Notice And Subpoena Of Deposition (Howard Simpson 6/22/88) | 04/18/88 |
| 65. | Notice Of Deposition (S. Cariski 6/9/88) | 04/18/88 |
| 66. | Notice Of Deposition (FRA 5/19/88) | 04/18/88 |
| 67. | Notice Of Deposition (DC/P 5/20/88) | 04/18/88 |
| 68. | Re-Notice Of Deposition (Allen Jones 5/5/88) | 04/18/88 |
| 69. | Notice Of Service Of USA's Second Request For Admissions Directed To WSA | 4/18/88 |
| 70. | Amended Notice Of Deposition (Baldwin 5/23/88) | 4/20/88 |
| 71. | Motion Of USA For Extension Of Scheduling Order | 4/21/88 |
| 72. | Depositon Subpoena - S. Cariski 6/6/88 | 4/21/88 |
| 73. | Deposition Subpoena - Louis Thompson 5/17/88 | 04/21/88 |
| 74. | Deposition Subpoena - R. Curtin 6/8/88 | 04/21/88 |
| 75. | Deposition Subpoena - V.L. Rathburn 6/7/88 | 04/21/88 |
| 76. | Notice Of Deposition Of Gregory Mester 6/9/88 | 04/28/88 |
| 77. | Notice Of Defendant WSA's Answers & Objections To Plaintiff USA's Third Set Of Interrogatories | 04/28/88 |
| 78. | Answers & Objections To Plaintiff USA's Third Set Of Interrogatories Directed To Defendant WSA | 04/28/88 |

3328Q

PLEADINGS FILE
UNITED STATES OF AMERICA
V.
WILBUR SMITH & ASSOCIATES

VOLUME III

| | | |
|---|---|---|
| 79. | Notice of Deposition of Joseph Kearns (4/25/88) | 04/25/88 |
| 80. | Notice of Deposition of Peter Montague (6/10/88) | 04/25/88 |
| 80A | Answers and Objections to USA's Third Set of Interrogatories Directed to USA | 04/28/88 |
| 81. | Opposition to Plaintiff's Motion for an Extension of the Discovery Cutoff | 04/29/88 |
| 82. | Notice of Deposition of Dr. Lin (6/01/88) | 05/02/88 |
| 83. | Notice of Deposition of Raymond Whitaker (6/02/88) | 05/02/88 |
| 84. | Ruling on Motion on USA for Extension of Scheduling Order - DENIED WITHOUT PREJUDICE | 05/02/88 |
| 85. | Notice of Deposition of Paul Disario (6/17/88) | 05/05/88 |
| 86. | Deposition Subpoena/Notice of Deposition of Earl Durand (6/15/88) | 05/05/88 |
| 87. | Notice of Deposition of M. Soto (6/15/88) | 05/05/88 |
| 88. | Notice of Deposition of Marilyn Jordan-Taylor (6/16/88) - CANCELLED | 05/05/88 |
| 89. | Defendant Wilbur Smith & Associates Opposition to the USA's Motion to Compel | 05/06/88 |
| 90. | Defendant Wilbur Smith & Associates Admissions to Second Request of Plaintiff of USA | 05/09/88 |
| 90a | Amended Notice of Deposition of Gregory Mester (06/08/88) | 05/10/88 |
| 91. | Amended Notice of Deposition of Lou Thomas (5/17/88) | 05/10/88 |
| 91a | Amended Notice of Deposition of Joseph Kerner (5/18/88) | 05/10/88 |

| | | |
|---|---|---|
| 92. | Affidavit - James E. Lewis | 05/10/88 |
| 93. | Reply of the USA to Defendant's Opposition to the USA Motion to Compel | 05/10/88 |
| 94. | Amended Notice of Deposition of the Federal Railroad Administration, Department of Transportation (5/19/88) | 05/11/88 |
| 95. | Amended Notice of Deposition of Paul Disario (6/17/88) | 05/13/88 |
| 96. | Memorandum in Support of Defendant's Motion for Leave to Take Experts Depositions | 05/16/88 |
| 97. | Motion for Leave to Take Experts Depositions | 05/16/88 |
| 98. | ORDER on Motion for Leave to Take Experts Depositions - DENIED WITHOUT PREJUDICE | 05/16/88 |
| 99. | Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel | 05/16/88 |
| 100 | Notice of Deposition of Mr. Bynum (6/3/88) | 05/18/88 |
| 101 | Notice of Deposition of Edward Ezekiel | 05/18/88 |
| 102 | Deposition Subpoena/Amended Notice of Deposition of Dr. Lin (6/3/88) | 05/18/88 |
| 103 | Notice of Deposition of William Smith (6/2/88) | 05/18/88 |
| 104 | Notice of Service of Plaintiff of USA's Third Request for Admissions Directed to WSA | 05/25/88 |
| 105 | Second Amende Notice of Deposition of Gregory Mester (6/16/88) | 05/27/88 |
| 106 | Amended Notice of Deposition of R. Curtin (6/8/88). | 05/27/88 |
| 107 | Amended Notice of Deposition of Peter Montague | 05/28/88 |
| 108 | Affidavit of Glen Bell | 05/31/88 |

1988Q

PLEADINGS FILE
UNITED STATES OF AMERICA
v
WILBUR SMITH & ASSOCIATES, INC.

VOLUME IV

| | | |
|---|---|---|
| 109 | General Objections - Second Set of Interrog. and Request for Production (same as #36). | 03/21/88 |
| 110 | Plaintiff USA's Supplemental Responses to WSA 1st and 2nd Set Interrogatories | 04/08/88 |
| 111 | Reply of USA to Defendant's Opposition to US Motion to Compel | 05/10/88 |
| 112 | Supplemental Memorandum in Opposition to Plaintiff's Motion to Compel | 05/16/88 |
| 113 | Memorandum In Support of Defendant's Motion for leave to take Experts Depo. (same as #96) | 05/16/88 |
| 114 | Motion for leave to take Experts Depo. (same as #97) | 05/16/88 |
| 115 | Deposition Subpoena/Second Amended Notice of Deposition of V.L. Rathburn (6/23/88) | 06/01/88 |
| 116 | Deposition Subpoena/Second Amended Notice of Deposition of C. Cariski (6/22/88) | 06/01/88 |
| 117 | Notice of Deposition of Charles L. Cornely (6/21/88) | 06/01/88 |
| 118 | Deposition Subpoena - 2nd Amended Notice of Depo. of M. Soto | 06/02/88 |
| 119 | Joint Motion for Extension of Time to Complete Experts Depositions - GRANTED 6/13/88 | 06/06/88 |
| 120 | Ruling on Joint Motion for Extension to Complete Experts Depositions - GRANTED | 06/13/88 |
| 121 | Deposition Subpoena/Notice of Deposition of John Shaughnessy (6/24/88) | 06/08/88 |

| | | |
|---|---|---|
| 122 | Deposition Subpoena/Notice of Deposition of Robert Parker (6/24/88) | 06/08/88 |
| 123 | Third Amended Renotice of Deposition M. Soto | 06/08/88 |
| 124 | Joint Motion for Extension of Time to Complete Expert Depositions (same as #120) | 06/08/88 |
| 125 | Deposition Subpoena/Third Amended Notice of Deposition of V. L. Rathburn (6/27/88) | 06/09/88 |
| 126 | Third Amended RE Notice of Deposition of M. Soto (6/17/88) | 06/08/88 |
| 127 | Third Amended Notice of Deposition of Ganet Fleming Transportation Engineers, Inc. (6/17/88) | 06/08/88 |
| 128 | Notice of Service of Plaintiff of USA's Fourth Request of Admissions Directed to Defendant WSA | 06/10/88 |
| 129 | Plaintiff USA's Second Supplemental Response to Defendant WSA First Set of Interrogatories | 06/13/88 |
| 130 | Notice of Service of Plaintiff USA's Second Supplemental REsponses to WSA First Set of Interrogs. | 06/14/88 |
| 131 | Third Amended Notice of Deposition of Paul Disario (6/30/88) | 06/20/88 |
| 132 | Amended Notice of Deposition of Peter Montague (6/23/88) | 06/21/88 |
| 133 | RE Notice of Deposition of John Shaughnessy (6/27/88) | 06/21/88 |
| 134 | Ruling on Motion for Leave to take Deposition of Paul C. Disario - GRANTED | 06/22/88 |
| 135 | Motion for Leave to take Depo of Paul C. Disario | 06/21/88 |
| 136 | Second Amended Notice of Deposition of Peter Montague (6/27/88) | 06/22/88 |
| 137 | Motion of the USA to Compel Answers to Interrogatory | 06/23/88 |
| 138 | Memo in Support of Motion of USA to Compel Answers to Interrogatory | 06/23/88 |
| 139 | WSA's REsponses to Third Request for Admissions | 06/23/88 |

| | | |
|---|---|---|
| 140 | Amended Complaint | 07/08/88 |
| 141 | Memo in Support of USA's Motion for Leave To File An Amended Complaint | 07/08/88 |
| 142 | Motion of the USA For Leave To File Amended Complaint | 07/08/88 |
| 143 | Memorandum in Support of USA Motion for Leave to File Amended Complaint | 07/08/88 |

**PLEADINGS**
**UNITED STATES OF AMERICA**
**VS.**
**WILBUR SMITH & ASSOCIATES, INC.**

**VOLUME V**

| | | |
|---|---|---|
| 1. | Defendant WSA's Response to the Fourth Request for Admission of Plaintiff USA | 07/11/88 |
| 2. | Opposition to Motion to Compel | 07/19/88 |
| 3. | Reply of USA to Defendant's Opposition to Motion to Compel | 07/19/88 |
| 4. | Motion of USA for Extension of Time in Which to Complete Discovery of Expert Witnesses - GRANTED 7/21/88 | 07/19/88 |
| 5. | Affidavit of Glenn Bell | 07/20/88 |
| 6. | Plaintiff USA's Third Supplemental Response to Defendant WSA's First Set of Interrogatories | 07/20/88 |
| 7. | Plaintiff USA's Third Supplementary Response to Defendant WSA's First Set of Interrogatories and Notice of Service | 07/21/88 |
| 8. | Affidavit of John P. LaCombe | 07/21/88 |
| 9. | Memorandum in Opposition to Motion of Plaintiff for Leave to Amend Complaint | 08/01/88 |
| 10. | Reply of USA to Memorandum in Opposition to Motion of Plaintiff for Leave to Amend | 08/04/88 |
| 11. | Response of WSA to Reply of USA Re: Motion for Leave to Amend Complaint | 08/09/88 |
| 12. | Motion for Leave to File Amended Answer | 08/10/88 |
| 13. | Notice of (Glenn Bell's) Deposition | 08/11/88 |
| 14. | Notice of (Jack LaCombe's) Deposition | 08/11/88 |
| 15. | Motion to compel - DENIED | 08/17/88 |
| 16. | Memorandum in Support of USA's Motion to Compel | 08/17/88 |
| 17. | Motion for Sanctions (WSA) - DENIED | 08/18/88 |
| 18. | Memorandum in Support of Defendant's Motion for Sanctions (WSA) | 08/18/88 |

| | | |
|---|---|---|
| 19. | Notice of Service of USA's Fourth Supplemental Responses to WSA's First Set of Interrogatories and Second Supplemental Responses to WSA's Second Set of Interrogatories | 08/23/88 |
| 20. | USA's Fourth Supplemental Response to Defendant WSA's First Set of Interrogatories and Second Supplemental Response to WSA's Second Set of Interrogatories | 08/23/88 |
| 21. | Affidavit of PQS | 08/25/88 |
| 22. | USA's First Supplemental Responses to WSA's First Set of Interrogatories | 08/30/88 |
| 23. | WSA's Motion to Compel - DENIED | 08/31/88 |
| 24. | Memorandum in Opposition to Defendant's Motion for Sanctions | 09/01/88 |
| 25. | Declaration of Larry R. Steffes | 09/01/88 |
| 26. | Deposition Subpoena - Glenn Bell | 09/02/88 |
| 27. | Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order | 09/06/88 |
| 28. | Memorandum of Law in Support of Motion to Quash Subpoena or, in the Alternative, Motion for Protective Order | 09/06/88 |
| 29. | Notice of (Barry Brower's) Deposition | 09/06/88 |
| 30. | Notice of (Fruma Narov's) Deposition | 09/06/88 |
| 31. | Notice of (Charles H. Thornton's) Deposition | 09/06/88 |
| 32. | Motion of USA for a Protective Order - DENIED | 09/06/88 |
| 33. | Motion for Extension of Time to Respond to to Defendant's Motion to Compel - GRANTED | 09/08/88 |
| 34. | Motion of the USA for an Expedited Decision Regarding Expert Deposition Procedure - DENIED | 09/09/88 |
| 35. | Opposition to Motion to Compel | 09/13/88 |
| 36. | Opposition to Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Compel | 09/13/88 |

| | | |
|---|---|---|
| 37. | Motion to Suppress the Deposition of Charles L. Cornely - DENIED On present record without prejudice to renewal at trial | 09/13/88 |

G:\DATA\USER\CAD\WP\PLD0003_.CAD

22630

UNITED STATES OF AMERICA
V.
WILBUR SMITH & ASSOCIATES, INC.

PLEADINGS INDEX

VOLUME VI

| | | |
|---|---|---|
| 182 | Opposition to Plaintiff's Motion for Expedited Decision Regarding Expert Depositions | 09/13/88 |
| 183 | Reply of USA to WSA's Opposition to Motion to Compel | 09/19/88 |
| 184 | Surreply to Motion to Compel | 09/21/88 |
| 185 | Defendant's Reply to Plaintiff's Opposition to Defendant's Motion for Sanctions | 09/21/88 |
| 186 | Reply to the USA Motion for a Protective Order | 09/22/88 |
| 187 | Motion for Extension of Time - GRANTED | 09/29/88 |
| 188 | Motion for Summary Judgment of WSA | 10/03/88 |
| 189 | Memorandum of WSA in Support of its Motion for Summary Judgment | 10/03/88 |
| 190 | Memorandum of USA in Opposition to Motion to Suppress the Deposition of Charles L. Cornely | 10/04/88 |
| 190A | Memorandum in Opposition to Defendant WSA's Motion to Compel | 10/11/88 |
| 191 | Memorandum of USA in Opposition to Defendant's Motion for Summary Judgment | 10/26/88 |
| 192 | Statement of Material Facts as to Which There Is A Genuine Issue | 10/27/88 |
| 193 | Affidavit of Glenn R. Bell | 10/27/88 |
| 194 | Motion for Extension of Time Within Which to File Reply to Opposition to Defendant's Motion for Summary Judgment - GRANTED | 10/31/88 |
| 195 | Motion for Extension of Time to Conduct Discovery Regarding Punitive Damages Claim - GRANTED | 10/31/88 |

| | | |
|---|---|---|
| 196 | Motion for Extension of Time to File an Answer in Response to Plaintiff's Amended Complaint - GRANTED | 11/03/88 |
| 197 | Motion of the USA for Extension of Time in Which to Provide Answers to Interrogatories | 11/03/88 |
| 198 | Motion to Shorten Time to Respond to Interrogatories - GRANTED | 11/17/88 |
| 199 | WSA's Third Set of Interrogatories and Notice of Service of Same | 11/17/88 |
| 200 | Reply Memorandum of WSA In Support of Its Motion for Summary Judgment | 11/21/88 |
| 201 | Affidavit of William J. Egan | 11/21/88 |
| 202 | Notice of Deposition - E. Dennis Patterson | 11/23/88 |
| 203 | Notice of Deposition - Ernest Stacey | 11/23/88 |
| 204 | Deposition Subpoena - Ernest Stacey | 11/30/88 |
| 205 | Deposition Subpoena - E. Dennis Patterson | 12/01/88 |
| 206 | Plaintiff USA's Responses to Defendant WSA's Third Set of Interrogatories and Notice of Service of Same | 12/06/88 |
| 207 | Plaintiff USA's Sixth Supplemental Responses to Defendant WSA's First Set of Interrogatories and Third Supplemental Responses to Defendant WSA's Second Set of Interrogatories | 12/06/88 |
| 208 | WSA's Amended Answer to Plaintiff's Amended Complaint | 12/09/88 |
| 209 | Refiled Amended Answer to Plaintiff's Amended Complaint | 12/16/88 |
| 210 | Plaintiff USA's Seventh Supplemental Responses to Defendant WSA's First Set of Interrogatories and Notice of Service of Same | 12/22/88 |
| 211 | Ruling on Defendant's Motion for Summary Judgment - DENIED | 02/06/89 |

| | | |
|---|---|---|
| 212 | Pre-trial Order | 02/09/89 |
| 213 | Motion of the USA for Extension of Time in Which to File Trial Memorandum - DENIED | 02/13/89 |
| 214 | Motion of the USA for Extension of Time in Which to File Trial Memorandum - GRANTED | 02/16/89 |
| 215 | Motion for Pre-Trial Conference | 02/21/89 |
| 216 | Memorandum of WSA in Support of Plaintiff's Motion for Extension of Time in Support of Defendant's Motion for Pre-Trial Conference | 2/21/89 |
| 217 | Cross-Motion of the USA for Pretrial Conference - GRANTED | 02/24/89 |
| 218 | Motion for Leave to File Amended Answer Raising New Affirmative Defenses and Amended Answer and New Affirmative Defenses - DENIED | 03/14/89 |
| 218A | USA's Memorandum in Opposition to Motion for Leave to File Amended Answer | 03/17/89 |
| 219 | Response to Opposition to Motion for Leave to Amend Answer | 03/20/89 |
| 220 | Order - Trial to commence on June 12, 1989 | 03/23/89 |
| 221 | Motion for Extension of Time - GRANTED | 03/30/89 |
| 222 | Appearance - S. Robert Jelley | 03/31/89 |

28970 DRAFT

UNITED STATES OF AMERICA
V.
WILBUR SMITH & ASSOCIATES, INC.

PLEADINGS

VOLUME VII

| | | |
|---|---|---|
| 223 | Motion for Reconsideration and Memorandum in Support of Same GRANTED | 04/03/89 |
| 224 | Trial Memorandum of the United States of America | 04/04/89 |
| 225 | Defendant WSA's Trial Memorandum | 04/05/89 |
| 226 | Motion for Pretrial Conference | 04/10/89 |
| 227 | Memo in Opposition to WSA's Motion for Reconsideration | 04/21/89 |
| 228 | ORDER continuing trial to October, 1989 and letter from Judge Daly | 04/27/89 |
| 229 | Reply to Government's Opposition To Motion for Reconsideration | 05/02/89 |
| 230 | Surreply of USA In Opposition to WSA's Motion for Reconsideration | 05/08/89 |
| 231 | Request For Certification - DENIED | 06/01/89 |
| 232 | Memorandum In Support of Request For Certification | 06/01/89 |
| 233 | Substitution of Counsel - Carl Schuman for Frank Santoro | 06/06/89 |
| 234 | Response of USA to Def't WSA's Request For Certification | 06/16/89 |
| 235 | Supplemental Answer to Plaintiff's 3rd Set of Interrogatories Directed to WSA | 08/08/89 |
| 235A | WSA's letter to Judge Daly Requesting Continuance - DENIED 08/29/89 | 08/17/89 |
| 236 | Entry of Appearance - Theodore R. Carter III and Douglas J. Hughes | 09/11/89 |

| | | |
|---|---|---|
| 237 | Motion to Withdraw Appearance - DENIED | 10/06/89 |
| 238 | Order - Status Conference to be held on October 16, 1989, at 11:00 AM | 10/06/89 |
| 239 | Motion to Withdraw Appearance - R. S. Jelley GRANTED on 10/13/89 | 10/12/89 |
| 240 | Notice of Second Supplemental Answer to USA's Third Set of Interrogatories | 12/27/89 |
| 241 | Second Supplemental Answer to USA's Third Set of Interrogatories | 12/27/89 |
| 242 | WSA Motion to Reopen Discovery for the Limited Purpose of Discovering Additional Cost Info. - GRANTED 01/31/90 | 01/09/90 |
| 243 | Memorandum in Support of WSA Motion to Reopen Discovery for the Purpose of Discovering Additional Cost Information | 01/09/90 |
| 244 | Plaintiff's Memorandum in Opposition to Defendant's Motion to Reopen Discovery - DENIED 02/06/90 | 01/29/90 |
| 245 | WSA's Amended Trial Memorandum | 02/15/90 |

File
Irwp

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 88-2438

MASSACHUSETTS BAY TRANSPORTATION AUTHORITY,

Plaintiff,

v.

DELEUW, CATHER & COMPANY, THE RALPH M. PARSONS COMPANY, HUGH STUBBINS & ASSOCIATES, INC., CASTRO-BLANCO, PISCIONERI & FEDER, ARCHITECTS, P.C., DELEUW, CATHER/PARSONS, HUGH STUBBINS/ CASTRO-BLANCO, ARCHITECTS and PLANNERS, SKIDMORE, OWINGS & MERRILL, NATIONAL RAILROAD PASSENGER CORPORATION (AMTRAK), NORTHEAST RAILROAD CONSTRUCTION CO., INC., BOSTON EDISON COMPANY and J. F. WHITE CONTRACTING COMPANY,

Defendants.

SECOND AMENDED COMPLAINT

INTRODUCTION

This suit involves a dispute over certain work performed and to be performed at the Boston South Station Railroad Terminal ("South Station"). The